UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT REDDING,

       Plaintiff,

v.                                    Case No. 8:16-cv-2630-T-33TBM

ISRAM REALTY AND MANAGEMENT,
INC.

       Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties'
Joint Motion for Approval of Settlement and for Dismissal of
Action with Prejudice (Doc. # 22), which was filed on December
9, 2016.  The Court grants the Motion.

**I.    Background**

Plaintiff filed this Fair Labor Standards Act case
against his employer on September 12, 2016. (Doc. # 1). On
October 12, 2016, the Court issued its FLSA Scheduling Order
(Doc. # 7) and Order referring the case to mediation. (Doc. #
8).  Defendant filed its Answer and Affirmative Defenses on
October 24, 2016. (Doc. # 11). On December 1, 2016, the
parties reached a mediated settlement. (Doc. # 20).  At the
Court's direction, the parties jointly seek Court approval of
the settlement. (Doc. # 22).

**II.  Analysis**

Plaintiff alleges that Defendant violated the overtime

provisions of the Fair Labor Standards Act.  Accordingly, any settlement reached between the parties is subject to judicial scrutiny.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  The parties have reached a settlement wherein it is agreed that Plaintiff will receive $5,000.00 representing unpaid wages, liquidated damages, and other damages.  It has also been agreed that Plaintiff's counsel will receive $5,510.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiff for alleged FLSA violations. (Doc. # 22 at 2).  Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1]  The settlement is fair on its

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

face and represents a reasonable compromise of the parties'
dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The parties' Joint Motion for Approval of Settlement and
for Dismissal of Action with Prejudice (Doc. # 22) is
**GRANTED.**

(2)  The parties' settlement is approved.  This case is
**DISMISSED WITH PREJUDICE.**

(3)  The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u>
day of December, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3